JOSEPH T. NEALLY *versus* SAMUEL JUDKINS.

Where one of the counts in the writ is for money had and received, for a sum different from that in the other counts, and there was no specification of any particular claim to be proved under it, the attachment of real estate on such writ is void against persons subsequently attaching or purchasing.

WRIT OF ENTRY. Both parties claimed under one *Ezekiel D. Williams.* The demandant, by virtue of· an attachment of the demanded premises, made on December 16th, 1850, on his writ against said Williams, and a levy thereon of an execution on the 16th day of November, 1857.

The defendant claimed under Williams' deed of mortgage to him of the date of the 19th of August, 1856.

One of the grounds set forth in the defendant's specifications of defence, duly filed, was this:—"also, because the writ contained a general money count and no specification or statement of matters to be proved under it," therefore "the attachment on the original writ was invalid."

The action of the plaintiff against said Williams was entered February term, 1851, and was tried at the next February term, and a verdict was rendered for the plaintiff for the sum of sixty-two dollars, as damages.

There were several questions raised by the exceptions, which were fully argued, only one of which is considered in the opinion of the Court.

*J. S. Abbott,* in support of the exceptions.

*J. W. Hathaway* and *C. P. Brown, contra.*

The opinion of the Court was drawn up by

KENT, J.—The writ in this case, on which judgment was rendered, contains three counts. The first, on an account annexed, for $63,60. The second, for money had and received, for $99,60. The third, on a special count, for a sum different from either of the foregoing. There was no specification of any particular claim under the general money count. The attachment was made Dec. 14, 1850, the levy Nov. 16, 1857. On the 19th of August, 1856, the debtor conveyed the premises, by deed of mortgage, to the defendant.

The defendant requested the Judge to instruct the jury that, as there were no specifications of claims to be proved under the money count, the attachment was not valid against the title of the defendant. This instruction was not given, as there were other points which it was deemed expedient to have settled.

This objection is set forth in the defendant's specifications of defence. It has been decided in the case of *Osgood* v. *Holyoke, ante p.* 410, and in several other cases, that an attachment on a writ like this is void against subsequent attaching

creditors or purchasers. This case comes within the principle of those cases.

It is unnecessary to consider the other objections to the validity of the attachment and levy.

*Exceptions sustained — verdict set aside, and new trial granted.*

TENNEY, C. J., RICE, APPLETON, CUTTING and MAY, JJ., concurred.